SAMUEL C. WEBB *v.* JOHN P. COWLEY.

HOMESTEAD. *Right not lost. When.* After the right of homestead has been once acquired by the head of a family, and the homestead occupation is still continued, the right will not be lost by the death or absence of wife and children.

FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. J. W. BURTON, Ch.

Webb *v.* Cowley.

LAMB & TILLMAN for complainant.

J. W. NEWMAN for defendant.

COOPER, J., delivered the opinion of the court.

This bill was filed on the 28th day of January, 1879, to have the complainant's right to a homestead in certain land declared and the homestead set apart to him. The defendant claims the land under an execution sale made on June 17, 1876, by virtue of a judgment against the complainant. Legal notice of the sale was given to the complainant, and neither he nor the sheriff said or did anything in relation to the homestead. The complainant's wife had been dead for a number of years, but he had lived on the land from 1868, except for a part of the year 1875. His only son, G. W. Webb, was of age, and his daughters were of age and married. He was living on the place, at the time of the sale, with his son and one of his daughters, Mrs. Street, and her husband, the land being rented that year to his said son and son-in-law, and a small part to the defendant. The complainant's daughters had lived with him until they were married, and then left him, but Mrs. Street had returned, and was, with her husband, living with him on the place when the sale was made. Complainant then owned another tract of land worth $2,000, and now owns a small tract of thirty acres, but had never resided on either of these places.

Previous to the act of 1879, ch. 171, actual occupancy was essential to the existence of the homestead, and the fact of owning other land would not deprive

the head of a family of the homestead in possession. It was the duty of the officer levying the execution to see that the homestead was set apart to the complainant, if he was entitled to it, and the failure of the complainant to demand from the sheriff the performance of his duty would not, without more, deprive him of the homestead. The question is thus narrowed to the point, whether the complainant was, at the time of the sale, the head of a family.

The evidence does not show by whom the burden of the housekeeping in 1876 was borne, but the fair presumption is that the complainant, who owned the house and the land, was the head of a household, of which a son and a daughter, although of age, were members. The statute does not imperatively require that there should be a wife to create the exemption, for it forbids alienation of the homestead except in a particular mode "where that relation (the relation of husband and wife) exists." Code, sec. 2114 *a.* And the statute contemplates the continuance of the homestead after the death of the wife, and in the absence of infant children, by providing for its sale for the payment of debts, upon the death of the head of the family "without widow or minor children." The statute fairly admits of the construction, that after the right of homestead has once been acquired by the head of the family, and the homestead occupation is still continued, the right will not be lost by the death or absence of wife and children.

The chancellor's decree will be reversed, and the homestead allowed with costs.